# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **HFA, INC.,** *Plaintiff* | § § § § | |
| **v.** | § § | |
| **ATX PACKAGING LLC,** *Defendant* | § § § | **Case No. 1:23-cv-00794-DII** |

## AGREED CLAIM CONSTRUCTION ORDER

Before the Court are Plaintiff HFA, Inc.'s Opening Claim Construction Brief, filed April 16, 2024 (Dkt. 18); Defendant ATX Packaging LLC's Responsive Claim Construction Brief, filed May 6, 2024 (Dkt. 19); Plaintiff HFA, Inc.'s Reply Claim Construction Brief, filed May 21, 2024 (Dkt. 21); and Defendant ATX Packaging LLC's Sur-Reply to Plaintiff HFA, Inc.'s Reply Claim Construction Brief, filed June 5, 2024 (Dkt. 22). The District Court referred claim construction to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 20.

The Court provided the parties with a Preliminary Claim Construction on June 24, 2024 (Dkt. 24) and held a *Markman* hearing on June 27, 2024. During the hearing, the parties agreed to construction of the sole disputed claim term. The Court enters this order **ADOPTING** all the parties' stipulations.

## I.    Background

HFA asserts claims against ATX for infringement of its U.S. Design Patent No. D802,361 ("'361 Patent") and U.S. Utility Patent No. 10,093,452 ("'452 Patent"). HFA makes aluminum pan lids with a "full curl" edge on each corner. Dkt. 1 (Complaint) ¶ 4. HFA alleges that the rolled

corners makes its lids safer to handle: "Conventionally, the corners of the lid would be crimped but not rolled, which leaves a sharp edge from which consumers and servers can cut themselves. However, the full curl edge comprises a rolled lip formed around the entire periphery of the skirt of the lid including all four corners." *Id.* HFA also contends that its lid is easier to stack because the sides are slightly tapered outward. "This tapering uses more material than if the skirt was at a virtual right angle, but it allows multiple lids to be easily stacked or nested together so that the lids virtually sit on top of each other without deforming the shape of the lid." Dkt. 18 at 8.



FIG. 6
(rotated 90° clockwise and modified to
remove dimensions and leader lines)

FIG. 15

*Id.* ('452 Patent).

## II.    U.S. Patent No. 10,093,452

The parties stipulated to non-limiting examples and asked the Court to construe one disputed claim limitation from the '452 Patent.

### A.  Stipulated Non-Limiting Examples

In lieu of requesting a construction for the following claim terms of the '452 Patent, the parties agree to this stipulation:

> The parties stipulate that, solely as non-limiting examples for the purpose of aiding in the jury's understanding of the patent, the following claim terms generally correspond to the components identified by the reference numbers within the example embodiments contained in the specification and figures as provided below:

| Claim Term | Stipulated Non-Limiting Example |
|---|---|
| "edge" (claims 1 and 3) | For example, edge 104 as shown in Figures 4A through 6. |
| "lower edge" (claims 1 and 3) | For example, lower edge 304 shown in Figure 6. |
| "raised ridge" (claims 1 and 3) | For example, raised ridge 106 shown in Figures 4A through 6. |
| "skirt extending downwardly" "downwardly extending skirt" (claim 1)<br><br>"continuous skirt wall extending downwardly" "continuous skirt wall" "downwardly extending continuous skirt wall" (claim 3) | For example, skirt 108 extending downwardly from the raised ridge 106 to the lower edge 304 continuously around the entire periphery of the skirt 108 as shown in Figures 4A through 6. |

HFA clarifies "that these are not claim constructions that limit the scope of the claims, but rather are merely examples that can be provided to the jury to clarify their understanding the claims and what components are being referenced by these terms." Dkt. 18 at 14. HFA asks that the Court instruct the jury that the scope of the claim terms are not limited to the particular components visually depicted in these non-limiting examples, and that the components may take other shapes or forms which may fall within scope of the claims or their equivalents as may be appropriate. *Id.* ATX stated at the hearing that it does not object to this instruction.

The Court **ADOPTS** the parties' stipulated non-limiting examples listed above.

### B.  Agreed Claim Term

After disputing construction of the "angle" limitation in Claims 1 and 3 of the '425 Patent, during the *Markman* hearing, the parties stipulated to the substitute construction below. The Court **ADOPTS** the parties' agreed construction for the '425 Patent:

| Disputed Term | Agreed Construction |
|---|---|
| "an angle between the raised ridge and the downwardly extending skirt is defined to be between 3 and 10 degrees" (claim 1) | "an angle between 3 and 10 degrees defined as a taper between the raised ridge and the downwardly extending skirt around the periphery of the skirt" (claim 1) |
| "an angle defined between the raised ridge and the downwardly extending continuous skirt wall to be between 3 and 10 degrees" (claim 3) | "an angle between 3 and 10 degrees defined as a taper between the raised ridge and the downwardly extending continuous skirt wall around the periphery of the skirt" (claim 3) |

### III.   Design Patent D802,361

Finally, the parties ask the Court to adopt their agreed construction for the '361 Design Patent

to clarify the role of the two different types of broken lines used in the figures, as shown below.



The Court **GRANTS** the parties' request and **ADOPTS** their agreed construction for the

'361 Design Patent:

| Agreed Construction for the '361 Design Patent |
|---|
| The ornamental design for a lid for a pan, as shown and described in Figures 1-14 of the patent. The evenly-spaced broken lines in the drawings depict portions of the lid that form no part of the claimed design. The dash-dot-dash broken lines immediately adjacent to the shaded region do not form a part of the claimed design, but they do depict a boundary between the claimed design and the unclaimed design. |

5

**IT IS SO ORDERED.**

**SIGNED** on June 27, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE